KIESGEN v. HARNESS.

1. TRIAL—SUBMISSION OF QUESTION NOT SUSTAINED BY EVIDENCE ERRONEOUS.

In husband's action for alienation of his wife's affections, where there was no evidence to sustain the allegation in the declaration that defendant caused the separation between plaintiff and his wife, submission of said issue to the jury was error.

2. HUSBAND AND WIFE—WITNESSES—EVIDENCE.

In husband's action for alienation of his wife's affections, he was incompetent, under 3 Comp. Laws 1915, § 12555, to testify to conversations with her during the marriage tending to show that he was not to blame for their separation.

3. EVIDENCE—HEARSAY.

In husband's action for alienation of his wife's affections, testimony by the wife's sister that their mother did not want her to get a divorce was objectionable as hearsay and its admission prejudicial.

4. APPEAL AND ERROR — PROPER PRACTICE WHERE INCOMPETENT TESTIMONY ADMITTED.

Where incompetent testimony is admitted, the proper practice is to move that it be stricken and the jury instructed to disregard it.

5. SAME—FAILURE TO INSTRUCT ON QUESTION NOT REVIEWABLE WHERE NO REQUEST TO CHARGE MADE.

Complaint that the trial court did not instruct the jury as to certain circumstances which might have been found to minimize the damages are not reviewable, where no request to charge thereon was made.

Error to Muskegon; Vanderwerp (John), J.   Submitted January 10, 1928; resubmitted March 27, 1928. (Docket No. 107.)   Decided April 3, 1928.

[1]Husband and Wife, 30 C. J. § 1023; [2]Witnesses, 40 Cyc. p. 2353; 28 R. C. L. 478, 479, 482; 3 R. C. L. Supp. 1576; 4 R. C. L. Supp. 1825; [3]Evidence, 22 C. J. § 167; Husband and Wife, 30 C. J. § 1012; [4]Appeal and Error, 3 C. J. § 731; [5]Id., 3 C. J. § 756.

Case by James F. Kiesgen against George N. Harness for the alienation of the affections of plaintiff's wife. Judgment for plaintiff. Defendant brings error. Reversed.

*Willard J. Turner,* for appellant.

*Joseph F. Sanford,* for appellee.

NORTH, J.    James F. Kiesgen, the plaintiff herein, brought suit against George N. Harness for damages incident to the alleged alienation of the affections of plaintiff's wife by defendant and plaintiff's consequent loss of his wife's society, services, etc.    The jury rendered a verdict for the plaintiff, judgment was entered thereon, and defendant has brought the case to this court by writ of error.

The first count in the declaration charges that the defendant caused plaintiff's wife to separate from him and cease cohabiting with him; the second count charges that after there was an estrangement existing between plaintiff and his wife caused by the defendant, the latter by his wrongful conduct prevented and rendered impossible a domestic reconciliation.    For reasons hereinafter indicated, it is unnecessary to fully set forth in this record each of the 42 assignments of error.    We have read the record carefully and fail to find therein testimony which would justify submitting this case to the jury on the theory that the defendant wrongfully caused the separation between the plaintiff and his wife.    Mr. and Mrs. Kiesgen were married June 23, 1921, they first separated June 4, 1924, and Mrs. Kiesgen went to live in the home of her parents.    She and her husband became reconciled the day before Thanksgiving, 1924; and thereafter they lived together in the home of Mrs. Kiesgen's people until their next and final separation on September 4, 1925, at which time the plaintiff left

his wife and child.    After that date they were entirely estranged from each other.    Mrs. Kiesgen instituted divorce proceedings in February, 1926, and was granted a decree May 5th following.    The defendant did not know the parties at all at the time of the first separation; and, as stated, there was no testimony from which a jury could justly find he was responsible for the second separation.    He was the pastor of the church of which Mrs. Kiesgen and her parents were members, and the plaintiff attended a men's bible class conducted by the defendant. The testimony as to the defendant's relation with these parties prior to September 4, 1925, when the Kiesgens finally separated, shows only the normal relations and situations of a pastor and those affiliated with his church.    On his direct-examination the plaintiff testified relative to the circumstances which surrounded and caused each of the two separations, but he made no claim that the defendant was chargeable with either.    Notwithstanding the entire absence of proof to sustain the allegation that the defendant was responsible for the separation of the plaintiff and his wife, as charged in the first count of the declaration, the circuit judge when instructing the jury said:

"The plaintiff also claims that before the separation from his wife in September, 1925, his wife had become acquainted with the defendant who had come to Muskegon."    *    *    *

After alluding to many of the occasions and circumstances under which the plaintiff's wife and the defendant were in each other's company, practically all of which were after the date of the separation, the charge to the jury continued as follows:

"And plaintiff claims, gentlemen, that Mr. Harness, the defendant, caused his wife to leave him or at least induced her not to return to her husband, plaintiff claiming that he has produced evidence which ought to convince you that the defendant has, by reason of

his behavior and actions towards Mrs. Kiesgen, including his presents to her, and the money given to her to commence the divorce suit, alienated the affections of Mrs. Kiesgen from the plaintiff," etc.

This must be held to constitute prejudicial error, since it submitted to the jury an important issue of fact which was not sustained by competent proof. Under this record the issue on this phase of the case should have been confined to a determination of whether the defendant wrongfully prevented a reconciliation between the plaintiff and his wife.

Error is assigned on the ground that the plaintiff was allowed to give certain testimony over the objection of defendant's counsel that it was incompetent, hearsay, and in violation of section 12555, 3 Comp. Laws 1915, which provides in part as to husband and wife as follows:

"Nor shall either, during the marriage or afterwards, without the consent of both, be examined as to any communication made by one to the other during marriage," etc.

Some of the testimony given over these objections is as follows:

"*Q.* What was the cause of that separation (June 4, 1924)?

"*A.* Well, she was dissatisfied with the flat we had; it wasn't big enough.  *  *  *  She wasn't satisfied with the flat, and she called me up and said she had rented a flat down town, I believe on First street for $35 a month.   I told her we could not afford that, and she said that if she could not take that flat she was going to move back to her mother's.  *  *  *

"*Q.* Did you have any conversation with her with reference to the separation at that time?   Continuing your conversation with her that you had after the separation?

"*A.* I came down to the hotel—she was working at the Occidental at the time—and I told her I did not want to move; that I thought we ought to be satisfied there because we could get along there.   I said it

was not as much expense.    I just went up and got my clothes and I went to my folks.    She did not relent in the matter.    She did not change her opinion at all.    She said she was going to live with her folks. She said if I wanted to leave I could; it was up to me entirely."

This testimony was in direct violation of the statute. It enabled the plaintiff to get before the jury his claim that he was free from blame incident to this separation, and produced a situation in which the defendant was compelled to call the plaintiff's wife as his witness, and in so doing subject her to cross-examination by the plaintiff's counsel, or he was compelled to allow the testimony to stand uncontradicted.    Somewhat later in the trial plaintiff's attorney asked of him the following questions:    "When you separated in September, 1925, were any arrangements made between you and your wife as to her support and the support of the child?" and thereupon the defendant's counsel again objected, stating "that would amount to conversation between them."    The court then said:

"Now, I have examined into that matter that was discussed this morning a little bit, and the authorities that have been presented here, and while I am not exactly satisfied just what the ruling should be, my present idea is from the decisions handed me that Mr. Kiesgen cannot testify as to statements made by and between him and his wife not in the presence of the defendant, unless and until his former wife should consent to these statements being testified to.    I will say to you, gentlemen, that the portion of the testimony so far given by Mr. Kiesgen as to statements made by his wife to him, and statements made by him to her should be stricken out and the jury is instructed not to consider that part of the testimony, or pay any attention to it, and I think any further testimony along that line will have to be ruled out, unless I change my mind about it."

The matter of this testimony being stricken from the record and disregarded by the jury was not men-

tioned in the general charge.      There were numerous violations of this rule of evidence which is well established in this State and has been rather rigidly enforced in both civil and criminal cases.      *Hendrickson* v. *Harry,* 200 Mich. 41; *Patterson* v. *Hill,* 212 Mich. 635; *People* v. *Salisbury,* 218 Mich. 529.      Because, as hereinbefore indicated, this case must be reversed on other grounds, it is unnecessary to determine whether the irregularity last above referred to was prejudicial to the extent that, standing by itself, it would constitute reversible error.

There are numerous other assignments of error based upon rulings as to the admissibility of evidence; and it may be noted some of the objections made by the defendant might well have been sustained, but the rulings do not appear to have resulted in prejudicial irregularities so far as disclosed by this record, and it is believed they are largely matters which will not recur at a subsequent trial.      In some instances, the record was not made in such a way as to properly present the question for review.      This occurred when Mrs. Kiesgen's sister, who was a witness in behalf of the plaintiff, testified on direct-examination: "Mother did not want her (Mrs. Kiesgen) to get a divorce;" and after this answer had been made, defendant's counsel objected on the ground that it was incompetent and hearsay.      Clearly it was hearsay, and in this instance was prejudicial; but after the answer had been made, the proper practice would have been a motion to have the testimony stricken and the jury instructed to disregard it.

Complaint is made by the appellant that the court did not instruct the jury as to certain circumstances which might have been found to minimize the damages; but there is no merit in this complaint because no requests to charge on this phase of the case were preferred by the defendant.

Other questions are raised by the assignments of error, but we do not find they present matters of such a prejudicial nature as to be a ground for reversal or to merit further consideration here.    The judgment is reversed, and the case remanded for a new trial.    The appellant will have costs in this court.

FEAD, C. J., and FELLOWS, WIEST, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred.